# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>NINTENDO CO., LTD. and NINTENDO OF AMERICA, INC.,<br><br>        Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Round Rock Research, LLC ("Round Rock"), for its Complaint against Defendants Nintendo Co., Ltd. and Nintendo of America, Inc. (collectively, "the Nintendo Defendants"), hereby alleges as follows:

### The Parties

1. Plaintiff Round Rock is a Delaware limited liability company with its principal place of business at 2001 Route 46, Waterview Plaza, Suite 310, Parsippany, NJ 07054.

2. Upon information and belief, defendant Nintendo Co., Ltd. ("Nintendo Co.") is a corporation organized and existing under the laws of Japan with its principal place of business at 11-1 Hokotate-cho, Kamitoba, Minami-ku, Kyoto, Japan 601-8501. Nintendo Co. is in the business of researching, designing, developing, manufacturing, and selling video game consoles, handheld videogame systems, video games, accessories, and components of those products and accessories, for importation into the United States and sales in the United States, including Delaware.

3. Upon information and belief, defendant Nintendo of America, Inc. ("Nintendo of America") is a corporation organized under the laws of Washington, having a principal place of business at 4600 150th Avenue NE, in Redmond, Washington 98052. Nintendo of America has appointed The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street in Wilmington, Delaware as its registered agent for service of process in the state of Delaware. Nintendo of America is in the business of importing, marketing, advertising, and selling video game consoles, handheld videogame systems, video games, and accessories in the United States, including in Delaware.

4. Nintendo of America is a wholly owned subsidiary of Nintendo Co.

## Nature Of The Action

5. This is a civil action for infringement of U.S. Patent Nos. 5,986,347 ("the '347 patent") (attached as Exhibit A), 6,147,405 ("the '405 patent") (attached as Exhibit B), 6,358,801 ("the '801 patent") (attached as Exhibit C), 6,424,594 ("the '594 patent") (attached as Exhibit D), 6,455,935 ("the '935 patent") (attached as Exhibit E), 6,469,336 ("the '336 patent") (attached as Exhibit F), and 6,828,683 ("the '683 patent") (attached as Exhibit G) (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## Jurisdiction And Venue

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patents laws of the United States, including 35 U.S.C. § 271 *et seq.*

7. This Court has personal jurisdiction over the Nintendo Defendants because, among other things, the Nintendo Defendants have committed, aided, abetted, contributed to,

and/or participated in the commission of patent infringement in violation of 35 U.S.C. § 271 in this judicial district and elsewhere that led to foreseeable harm and injury to Round Rock.

8. This Court also has personal jurisdiction over the Nintendo Defendants because, among other things, the Nintendo Defendants have established minimum contacts within the forum such that the exercise of jurisdiction over the Nintendo Defendants will not offend traditional notions of fair play and substantial justice. For example, the Nintendo Defendants have placed products that practice and/or embody the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district. In addition, the Nintendo Defendants have sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Patents-in-Suit. The Nintendo Defendants derive substantial revenue from the sale of infringing products distributed within the district, and/or expect or should reasonably expect their actions to have consequences within the district, and derive substantial revenue from interstate and international commerce.

9. In addition, the Nintendo Defendants knowingly, actively induced and continue to knowingly actively induce infringement of one or more of the Patents-in-Suit within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the asserted Patents-in-Suit, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating

promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because the Nintendo Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## The Patents-In-Suit

11.     United States Patent No. 5,986,347 ("the '347 patent"), titled "Processing Methods Of Forming Contact Openings And Integrated Circuitry," was duly and legally issued by the U.S. Patent and Trademark Office on November 16, 1999. A copy of the '347 patent is attached hereto as Exhibit A. Round Rock is the assignee of all rights, title, and interest in the '347 patent, and it possesses all rights to sue and recover for any current or past infringement of the '347 patent.

12.     United States Patent No. 6,147,405 ("the '405 patent"), titled "Asymmetric, Double-Sided Self-Aligned Silicide And Method Of Forming the Same," was duly and legally issued by the U.S. Patent and Trademark Office on November 14, 2000. A copy of the '405 patent is attached hereto as Exhibit B. Round Rock is the assignee of all rights, title, and interest in the '405 patent, and it possesses all rights to sue and recover for any current or past infringement of the '405 patent.

13.     United States Patent No. 6,358,801 ("the '801 patent"), titled "Method And Apparatus For Trench Isolation Process With Pad Gate And Trench Edge Spacer Elimination," was duly and legally issued by the U.S. Patent and Trademark Office on March 19, 2002. A copy of the '801 patent is attached hereto as Exhibit C. Round Rock is the assignee of all rights,

title, and interest in the '801 patent, and it possesses all rights to sue and recover for any current or past infringement of the '801 patent.

14. United States Patent No. 6,424,594 ("the '594 patent"), titled "Method And Apparatus For Multiple Latency Synchronous Dynamic Random Access Memory," was duly and legally issued by the U.S. Patent and Trademark Office on July 23, 2002.  A copy of the '594 patent is attached hereto as Exhibit D.  Round Rock is the assignee of all rights, title, and interest in the '594 patent, and it possesses all rights to sue and recover for any current or past infringement of the '594 patent.

15. United States Patent No. 6,455,935 ("the '935 patent"), titled "Asymmetric, Double-Sided Self-Aligned Silicide," was duly and legally issued by the U.S. Patent and Trademark Office on September 24, 2002.  A copy of the '935 patent is attached hereto as Exhibit E.  Round Rock is the assignee of all rights, title, and interest in the '935 patent, and it possesses all rights to sue and recover for any current or past infringement of the '935 patent.

16. United States Patent No. 6,469,336 ("the '336 patent"), titled "Structure For Reducing Contact Aspect Ratios," was duly and legally issued by the U.S. Patent and Trademark Office on October 22, 2002.  A copy of the '336 patent is attached hereto as Exhibit F.  Round Rock is the assignee of all rights, title, and interest in the '336 patent, and it possesses all rights to sue and recover for any current or past infringement of the '336 patent.

17. United States Patent No. 6,828,683 ("the '683 patent"), titled "Semiconductor Devices, And Semiconductor Processing Methods," was duly and legally issued by the U.S. Patent and Trademark Office on December 7, 2004.  A copy of the '683 patent is attached hereto as Exhibit G.  Round Rock is the assignee of all rights, title, and interest in the '683 patent, and it possesses all rights to sue and recover for any current or past infringement of the '683 patent.

## COUNT I

### Infringement of U.S. Patent No. 5,986,347

18. Paragraphs 1 through 17 are incorporated by reference as if fully stated herein.

19. The '347 patent is valid and enforceable.

20. The Nintendo Defendants have infringed, and continue to infringe, one or more claims of the '347 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all video game consoles incorporating graphical processing units ("GPUs"), ARM processors, and other semiconductor components manufactured using a 90nm or later (smaller) process, including the Nintendo Wii, the Nintendo Wii U, the Nintendo Wii Mini, the Nintendo 3DS XL, the Nintendo 3DS, and the Nintendo 2DS products ("the '347 Infringing Products").

21. The Nintendo Defendants' customers (e.g., distributors, retailers, and online vendors) and Nintendo of America directly infringe one or more claims of the '347 patent under 35 U.S.C. § 271(a) by selling, offering to sell, or importing the '347 Infringing Products in the United States. The Nintendo Defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '347 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by selling, importing, and/or offering for sale the '347 Infringing Products to its customers and/or Nintendo of America with the knowledge of the '347 patent and its claims, with knowledge that its customers will sell, offer to sell, and/or import into the United States the '347 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing sales of the '347 Infringing Products

through distributing the products to retailers, distributors, and online vendors and creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '347 Infringing Products.

22. The Nintendo Defendants have had knowledge of '347 patent and their infringement of that patent since at least December 11, 2014 through a letter sent by Round Rock concerning that infringement.

23. The Nintendo Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 4, 5, and/or 6 of the '347 patent.

24. Round Rock has been and continues to be damaged by the Nintendo Defendants' infringement of the '347 patent.

25. The Nintendo Defendants have willfully infringed, and continue to willfully infringe, the '347 patent despite having knowledge of the '347 patent at least through Round Rock's December 11, 2014 letter concerning their infringement.

26. The Nintendo Defendants' conduct in infringing the '347 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. 6,147,405

27. Paragraphs 1 through 26 are incorporated by reference as if fully stated herein.

28. The '405 patent is valid and enforceable.

29. The Nintendo Defendants have infringed, and continue to infringe, one or more claims of the '405 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example,

by making, using, selling, offering for sale, and/or importing into the United States all video game consoles incorporating GPUs, ARM processors, and other semiconductor components manufactured using a 90nm or later (smaller) process, including the Nintendo Wii, the Nintendo Wii U, the Nintendo Wii Mini, the Nintendo 3DS XL, the Nintendo 3DS, and the Nintendo 2DS products ("the '405 Infringing Products").

30. The Nintendo Defendants' customers (e.g., distributors, retailers, and online vendors) and Nintendo of America directly infringe one or more claims of the '405 patent under 35 U.S.C. § 271(a) by selling, offering to sell, or importing the '405 Infringing Products in the United States. The Nintendo Defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '405 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by selling, importing, and/or offering for sale the '405 Infringing Products to its customers and/or Nintendo of America with the knowledge of the '405 patent and its claims, with knowledge that its customers will sell, offer to sell, and/or import into the United States the '405 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing sales of the '405 Infringing Products through distributing the products to retailers, distributors, and online vendors and creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '405 Infringing Products.

31. The Nintendo Defendants have had knowledge of '405 patent and their infringement of that patent since at least April 24, 2012 through a letter sent by Round Rock concerning that infringement.

32. The Nintendo Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 6, 7, 8, 9, 10 and/or 12 of the '405 patent.

33. Round Rock has been and continues to be damaged by the Nintendo Defendants' infringement of the '405 patent.

34. The Nintendo Defendants have willfully infringed, and continue to willfully infringe, the '405 patent despite having knowledge of the '405 patent at least through Round Rock's April 24, 2012 letter concerning their infringement.

35. The Nintendo Defendants' conduct in infringing the '405 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III

### Infringement of U.S. Patent No. 6,358,801

36. Paragraphs 1 through 35 are incorporated by reference as if fully stated herein.

37. The '801 patent is valid and enforceable.

38. The Nintendo Defendants have infringed, and continue to infringe, one or more claims of the '801 patent under 35 U.S.C. § 271(a) and/or 271(g), either literally and/or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing into the United States, products made by a process described in those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all video game consoles incorporating GPUs, ARM processors, and other semiconductor components manufactured using a 90nm or later (smaller) process, including the Nintendo Wii, the Nintendo Wii U, the Nintendo Wii Mini, the Nintendo 3DS XL, the Nintendo 3DS, and the Nintendo 2DS products.

39. The Nintendo Defendants have had knowledge of '801 patent and their infringement of that patent since at least December 11, 2014 through a letter sent by Round Rock concerning that infringement.

40. Round Rock has been and continues to be damaged by the Nintendo Defendants' infringement of the '801 patent.

41. The Nintendo Defendants have infringed, and continue to infringe, at least claims 1 and/or 2 of the '801 patent.

42. The Nintendo Defendants have willfully infringed, and continue to willfully infringe, the '801 patent despite having knowledge of the '801 patent at least through Round Rock's December 11, 2014 letter concerning their infringement.

43. The Nintendo Defendants' conduct in infringing the '801 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV

### Infringement of U.S. Patent No. 6,424,594

44. Paragraphs 1 through 43 are incorporated by reference as if fully stated herein.

45. The '594 patent is valid and enforceable.

46. The Nintendo Defendants have infringed, and continue to infringe, one or more claims of the '594 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using in the United States, products encompassed by those claims, including for example, by using in the United States all Nintendo products containing Fujitsu FCRAM, including the Fujitsu MB82DBS16641 FCRAM found in the Nintendo 3DS XL and Nintendo 2DS ("the '594 Infringing Products").

47. The Nintendo Defendants' customers and/or end users directly infringe one or more claims of the '594 patent under 35 U.S.C. § 271(a) by using the '594 Infringing Products in the United States. The Nintendo Defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '594 patent under 35

U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by making, selling, importing, and/or offering for sale in the United States the '594 Infringing Products to its customers and/or end users of those Nintendo products with the knowledge of the '594 patent and its claims, with knowledge that its customers and/or end users will use, sell, offer to sell, and/or import the '594 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing uses of the '594 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '594 Infringing Products.

48. The Nintendo Defendants have had knowledge of '594 patent and their infringement of that patent since at least April 24, 2012 through a letter sent by Round Rock concerning that infringement.

49. The Nintendo Defendants have infringed, and continue to infringe, at least claims 5, 8 and 9 of the '594 patent.

50. Round Rock has been and continues to be damaged by the Nintendo Defendants' infringement of the '594 patent.

51. The Nintendo Defendants have willfully infringed, and continue to willfully infringe, the '594 patent despite having knowledge of the '594 patent at least through Round Rock's April 24, 2012 letter concerning their infringement.

52. The Nintendo Defendants' conduct in infringing the '594 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V

### Infringement of U.S. Patent No. 6,455,935

53. Paragraphs 1 through 52 are incorporated by reference as if fully stated herein.

54. The '935 patent is valid and enforceable.

55. The Nintendo Defendants have infringed, and continue to infringe, one or more claims of the '935 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all video game consoles incorporating GPUs, ARM processors, and other semiconductor components manufactured using a 90nm or later (smaller) process, including the Nintendo Wii, the Nintendo Wii U, the Nintendo Wii Mini, the Nintendo 3DS XL, the Nintendo 3DS, and the Nintendo 2DS products ("the '935 Infringing Products").

56. The Nintendo Defendants' customers (e.g., distributors, retailers, and online vendors) and Nintendo of America directly infringe one or more claims of the '935 patent under 35 U.S.C. § 271(a) by selling, offering to sell, or importing the '935 Infringing Products in the United States. The Nintendo Defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '935 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by selling, importing, and/or offering for sale the '935 Infringing Products to its customers and/or Nintendo of America with the knowledge of the '935 patent and its claims, with knowledge that its customers will sell, offer to sell, and/or import into the United States the '935 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing sales of the '935 Infringing Products through distributing the products to retailers, distributors, and online vendors and creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '935 Infringing Products.

57. The Nintendo Defendants have had knowledge of '935 patent and their infringement of that patent since at least April 24, 2012 through a letter sent by Round Rock concerning that infringement.

58. The Nintendo Defendants have infringed, and continue to infringe, at least claims 1, 2, 3, 4, 6, 8, 9, and/or 10 of the '935 patent.

59. Round Rock has been and continues to be damaged by the Nintendo Defendants' infringement of the '935 patent.

60. The Nintendo Defendants have willfully infringed, and continue to willfully infringe, the '935 patent despite having knowledge of the '935 patent at least through Round Rock's April 24, 2012 letter concerning their infringement.

61. The Nintendo Defendants' conduct in infringing the '935 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI

### Infringement of U.S. Patent No. 6,469,336

62. Paragraphs 1 through 61 are incorporated by reference as if fully stated herein.

63. The '336 patent is valid and enforceable.

64. The Nintendo Defendants have infringed, and continue to infringe, one or more claims of the '336 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all video game consoles incorporating the ATI/AMD "Hollywood-1" GPU, the ATI/AMD "Hollywood-2" GPU (also known as the Renesas D813302 GPU), the AMD Latte GPU (also known as the

13

Renesas D813301 GPU), the Nintendo 1329LC020 CPU CTR C ARM Processor, and/or the Nintendo 1326 25 CPU CTR A ARM Processor, including at least the Nintendo Wii, the Nintendo Wii U, the Nintendo Wii Mini, the Nintendo 3DS XL, and the Nintendo 2DS video game consoles ("the '336 Infringing Products").

65. The Nintendo Defendants' customers (e.g., distributors, retailers, and online vendors) and Nintendo of America directly infringe one or more claims of the '336 patent under 35 U.S.C. § 271(a) by selling, offering to sell, or importing the '336 Infringing Products in the United States. The Nintendo Defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '336 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by selling, importing, and/or offering for sale the '336 Infringing Products to its customers and/or Nintendo of America with the knowledge of the '336 patent and its claims, with knowledge that its customers will sell, offer to sell, and/or import into the United States the '336 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing sales of the '336 Infringing Products through distributing the products to retailers, distributors, and online vendors and creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '336 Infringing Products.

66. The Nintendo Defendants have had knowledge of the '336 patent and their infringement of that patent since at least August 27, 2013 through email correspondence sent by Round Rock concerning that infringement.

67. The Nintendo Defendants have infringed, and continue to infringe, at least claims 1 and 2 of the '336 patent.

68. Round Rock has been and continues to be damaged by the Nintendo Defendants' infringement of the '336 patent.

69. The Nintendo Defendants have willfully infringed, and continue to willfully infringe, the '336 patent despite having knowledge of the '336 patent at least through Round Rock's August 27, 2013 email correspondence concerning their infringement.

70. The Nintendo Defendants' conduct in infringing the '336 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VII

### Infringement of U.S. Patent No. 6,828,683

71. Paragraphs 1-70 are incorporated by reference as if fully stated herein.

72. The '683 patent is valid and enforceable.

73. The Nintendo Defendants have infringed, and continue to infringe, one or more claims of the '683 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all video game consoles incorporating GPUs, ARM processors, and other semiconductor components manufactured using a 90nm or later (smaller) process, including the Nintendo Wii, the Nintendo Wii U, the Nintendo Wii Mini, the Nintendo 3DS XL, the Nintendo 3DS, and the Nintendo 2DS products ("the '683 Infringing Products").

74. The Nintendo Defendants' customers (e.g., distributors, retailers, and online vendors) and Nintendo of America directly infringe one or more claims of the '683 patent under 35 U.S.C. § 271(a) by selling, offering to sell, or importing the '683 Infringing Products in the

15

United States. The Nintendo Defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '683 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by selling, importing, and/or offering for sale the '683 Infringing Products to its customers and/or Nintendo of America with the knowledge of the '683 patent and its claims, with knowledge that its customers will sell, offer to sell, and/or import into the United States the '683 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing sales of the '683 Infringing Products through distributing the products to retailers, distributors, and online vendors and creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '683 Infringing Products.

75. The Nintendo Defendants have had knowledge of the '683 patent and their infringement of that patent since at least December 11, 2014 through a letter sent by Round Rock concerning that infringement.

76. The Nintendo Defendants have infringed, and continue to infringe, at least claims 27, 28, 30, 32, 33, 34, and/or 35 of the '683 patent.

77. Round Rock has been and continues to be damaged by the Nintendo Defendants' infringement of the '683 patent.

78. The Nintendo Defendants have willfully infringed, and continue to willfully infringe, the '683 patent despite having knowledge of the '683 patent at least through Round Rock's December 11, 2014 letter concerning their infringement.

79. The Nintendo Defendants' conduct in infringing the '683 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## Prayer For Relief

WHEREFORE, Round Rock prays for judgment as follows:

A.     That the Nintendo Defendants have directly and/or indirectly infringed each of the Patents-in-Suit;

B.     That the Nintendo Defendants have willfully infringed each of the Patents-in-Suit;

B.     That Round Rock be awarded all damages adequate to compensate it for the Nintendo Defendants' infringement of the Patents-in-Suit, such damages to be determined by a jury and, if necessary to adequately compensate Round Rock for the infringement, an accounting, and that such damages be trebled and awarded to Round Rock with pre-judgment and post-judgment interest;

C.     That this case by declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Round Rock be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

D.     That Round Rock be awarded such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Plaintiff Round Rock hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: December 17, 2014 | FARNAN LLP |
| | |
| | /s/ Brian E. Farnan |
| | Brian E. Farnan (Bar No. 4089) |
| | 919 North Market Street |
| | 12th Floor |
| | Wilmington, DE 19801 |
| | (302) 777-0300 (Telephone) |
| | (302) 777-0301 (Facsimile) |
| | bfarnan@farnanlaw.com |
| | |
| | *Counsel for Plaintiff* |
| | *Round Rock Research, LLC* |

*Of Counsel:*

Paul A. Bondor
Lauren M. Nowierski
Elizabeth Kimmel
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
pbondor@desmaraisllp.com
lnowierski@desmaraisllp.com
ekimmel@desmaraisllp.com