IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 14-1491-SLR |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| NINTENDO CO., LTD. and NINTENDO OF AMERICA INC., | ) |
| | ) |
| Defendants. | ) |

**NINTENDO CO., LTD. AND NINTENDO OF AMERICA INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Nintendo Co., Ltd. ("NCL") and Nintendo of America Inc. ("NOA") (together, "Nintendo"), answer the Complaint filed by Plaintiff Round Rock Research, LLC ("Round Rock").  Each allegation not expressly admitted is denied.  The following numbered paragraphs of this Answer correspond to the numbered paragraphs in the Complaint, other than with respect to the defenses and jury demand set forth herein, and the Prayer for Relief.

**The Parties**

1. Nintendo is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies them.

2. Nintendo admits that NCL is a corporation organized and existing under the laws of Japan, with its principal place of business at 11-1 Hokotate-cho, Kamitoba, Minami-ku, Kyoto, 601-8501, Japan.  Nintendo admits that NCL conducts certain business related activities relating to videogames, including designing certain video game products, but denies the further characterizations in paragraph 2 of the Complaint as vague, incomplete and inaccurate. Nintendo denies all remaining allegations in paragraph 2 of the Complaint.

3. Nintendo admits that NOA is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 4600 150th Avenue, NE, Redmond, Washington 98052. Nintendo admits that NOA has appointed The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street in Wilmington, Delaware as its registered agent for service of process in the state of Delaware. Nintendo admits that NOA conducts certain business related activities relating to videogames, including importing and selling certain video game products in the United States, but denies the further characterizations in paragraph 3 of the Complaint as vague, incomplete, and inaccurate. Nintendo denies all remaining allegations in paragraph 3 of the Complaint.

4. Nintendo admits that NOA is a wholly owned subsidiary of NCL.

**Nature of the Action**

5. Nintendo admits that the Complaint purports to set forth a claim for patent infringement under the patent laws, but denies that Round Rock is entitled to any relief. Nintendo admits that Exhibit A to the Complaint purports to be a copy of the '347 patent, Exhibit B to the Complaint purports to be a copy of the '405 patent, Exhibit C to the Complaint purports to be a copy of the '801 patent, Exhibit D to the Complaint purports to be a copy of the '594 patent, Exhibit E to the Complaint purports to be a copy of the '935 patent, Exhibit F to the Complaint purports to be a copy of the '336 patent, and Exhibit G to the Complaint purports to be a copy of the '683 patent. Nintendo lacks information sufficient to determine whether the exhibits to the Complaint are accurate and complete copies of the patents.

**Jurisdiction and Venue**

6. Nintendo admits that the Complaint purports to set forth an action arising under the patent laws of the United States, and admits that this Court has subject matter jurisdiction.

7. Nintendo will not dispute that the Court has personal jurisdiction over Nintendo for purposes of this action, but denies each and every remaining allegation in paragraph 7.

8. Nintendo will not dispute that the Court has personal jurisdiction over Nintendo for purposes of this action, but denies each and every remaining allegation in paragraph 8.

9. Nintendo denies all allegations in paragraph 9.

10. Nintendo will not dispute whether venue is proper in this action, but does not admit that this District is the most convenient.

### The Patents-In-Suit

11. Nintendo admits that Exhibit A to the Complaint purports to be a copy of the '347 Patent. Nintendo admits that the face of the '347 patent has the title "Processing Methods of Forming Contact Openings and Integrated Circuitry" and an issue date of November 16, 1999. Nintendo lacks information sufficient to confirm that Exhibit A to the Complaint is a complete and accurate copy of the '347 patent. Nintendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and therefore denies them.

12. Nintendo admits that Exhibit B to the Complaint purports to be a copy of the '405 Patent. Nintendo admits that the face of the '405 patent has the title "Asymmetric, Double-Sided Self-Aligned Silicide and Method of Forming the Same" and an issue date of November 14, 2000. Nintendo lacks information sufficient to confirm that Exhibit B to the Complaint is a complete and accurate copy of the '405 patent. Nintendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies them.

13. Nintendo admits that Exhibit C to the Complaint purports to be a copy of the '801 Patent. Nintendo admits that the face of the '801 patent has the title "Method and Apparatus for Trench Isolation Process with Pad Gate and Trench Edge Spacer Elimination" and an issue date of March 19, 2002. Nintendo lacks information sufficient to confirm that Exhibit C to the Complaint is a complete and accurate copy of the '801 patent. Nintendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and therefore denies them.

14. Nintendo admits that Exhibit D to the Complaint purports to be a copy of the '594 Patent. Nintendo admits that the face of the '594 patent has the title "Method and Apparatus for Multiple Latency Synchronous Dynamic Random Access Memory" and an issue date of July 23, 2002. Nintendo lacks information sufficient to confirm that Exhibit D to the Complaint is a complete and accurate copy of the '594 patent. Nintendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and therefore denies them.

15. Nintendo admits that Exhibit E to the Complaint purports to be a copy of the '935 Patent. Nintendo admits that the face of the '935 patent has the title "Asymmetric, Double-Sided Self-Aligned Silicide" and an issue date of September 24, 2002. Nintendo lacks information sufficient to confirm that Exhibit E to the Complaint is a complete and accurate copy of the '935 patent. Nintendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and therefore denies them.

16. Nintendo admits that Exhibit F to the Complaint purports to be a copy of the '336 Patent. Nintendo admits that the face of the '336 patent has the title "Structure for

Reducing Contact Aspect Ratios" and an issue date of October 22, 2002. Nintendo lacks information sufficient to confirm that Exhibit F to the Complaint is a complete and accurate copy of the '336 patent. Nintendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and therefore denies them.

17. Nintendo admits that Exhibit G to the Complaint purports to be a copy of the '683 Patent. Nintendo admits that the face of the '683 patent has the title "Semiconductor Devices, and Semiconductor Processing Methods" and an issue date of December 7, 2004. Nintendo lacks information sufficient to confirm that Exhibit G to the Complaint is a complete and accurate copy of the '683 patent. Nintendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and therefore denies them.

## COUNT I

### Infringement of U.S. Patent No. 5,986,347

18. Nintendo incorporates by reference and realleges its responses to each and every allegation set forth above, as though fully set forth herein.

19. Nintendo denies all allegations in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '347 patent. To the extent paragraph 20 of the Complaint contains allegations of third party conduct relating to, for example, manufacturing processes, Nintendo lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '347 patent. To the extent paragraph 21 of the Complaint contains allegations of third party conduct, Nintendo lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 21 of the Complaint.

22. Nintendo admits that Round Rock sent a letter dated December 11, 2014 addressed to NOA. On information and belief, Nintendo denies infringement of the '347 patent. Nintendo denies all remaining allegations in paragraph 22 of the Complaint.

23. On information and belief, Nintendo denies all allegations in paragraph 23 of the Complaint.

24. Nintendo denies all allegations in paragraph 24 of the Complaint.

25. Nintendo denies all allegations in paragraph 25 of the Complaint.

26. Nintendo denies all allegations in paragraph 26 of the Complaint.

## COUNT II

### Infringement of U.S. Patent No. 6,147,405

27. Nintendo incorporates by reference and realleges its responses to each and every allegation set forth above, as though fully set forth herein.

28. Nintendo denies all allegations in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '405 patent. To the extent paragraph 29 of the Complaint contains allegations of third party conduct relating to, for example, manufacturing processes, Nintendo lacks sufficient information to form

a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '405 patent. To the extent paragraph 30 of the Complaint contains allegations of third party conduct, Nintendo lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 30 of the Complaint.

31. Nintendo admits that Round Rock sent a letter dated April 24, 2012 addressed to NCL and NOA. On information and belief, Nintendo denies infringement of the '405 patent. Nintendo denies all remaining allegations in paragraph 31 of the Complaint.

32. On information and belief, Nintendo denies all allegations in paragraph 32 of the Complaint.

33. Nintendo denies all allegations in paragraph 33 of the Complaint.

34. Nintendo denies all allegations in paragraph 34 of the Complaint.

35. Nintendo denies all allegations in paragraph 35 of the Complaint.

## COUNT III

### Infringement of U.S. Patent No. 6,358,801

36. Nintendo incorporates by reference and realleges its responses to each and every allegation set forth above, as though fully set forth herein.

37. Nintendo denies all allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '801

7

patent. To the extent paragraph 38 of the Complaint contains allegations of third party conduct relating to, for example, manufacturing processes, Nintendo lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 38 of the Complaint.

39. Nintendo admits that Round Rock sent a letter dated December 11, 2014 addressed to NOA. On information and belief, Nintendo denies infringement of the '801 patent. Nintendo denies all remaining allegations in paragraph 39 of the Complaint.

40. Nintendo denies all allegations in paragraph 40 of the Complaint.

41. On information and belief, Nintendo denies all allegations in paragraph 41 of the Complaint.

42. Nintendo denies all allegations in paragraph 42 of the Complaint.

43. Nintendo denies all allegations in paragraph 43 of the Complaint.

## COUNT IV

### Infringement of U.S. Patent No. 6,424,594

44. Nintendo incorporates by reference and realleges its responses to each and every allegation set forth above, as though fully set forth herein.

45. Nintendo denies all allegations in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '594 patent. Nintendo denies all remaining allegations in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '594 patent. To the extent paragraph 47 of the Complaint contains allegations of third party conduct,

Nintendo lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 47 of the Complaint.

48. Nintendo admits that Round Rock sent a letter dated April 24, 2012 addressed to NCL and NOA. On information and belief, Nintendo denies infringement of the '594 patent. Nintendo denies all remaining allegations in paragraph 48 of the Complaint.

49. On information and belief, Nintendo denies all allegations in paragraph 49 of the Complaint.

50. Nintendo denies all allegations in paragraph 50 of the Complaint.

51. Nintendo denies all allegations in paragraph 51 of the Complaint.

52. Nintendo denies all allegations in paragraph 52 of the Complaint.

## COUNT V

### Infringement of U.S. Patent No. 6,455,935

53. Nintendo incorporates by reference and realleges its responses to each and every allegation set forth above, as though fully set forth herein.

54. Nintendo denies all allegations in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '935 patent. To the extent paragraph 55 of the Complaint contains allegations of third party conduct relating to, for example, manufacturing processes, Nintendo lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '935 patent. To the extent paragraph 56 of the Complaint contains allegations of third party conduct, Nintendo lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 56 of the Complaint.

57. Nintendo admits that Round Rock sent a letter dated April 24, 2012 addressed to NCL and NOA. On information and belief, Nintendo denies infringement of the '935 patent. Nintendo denies all remaining allegations in paragraph 57 of the Complaint.

58. On information and belief, Nintendo denies all allegations in paragraph 58 of the Complaint.

59. Nintendo denies all allegations in paragraph 59 of the Complaint.

60. Nintendo denies all allegations in paragraph 60 of the Complaint.

61. Nintendo denies all allegations in paragraph 61 of the Complaint.

## COUNT VI

### Infringement of U.S. Patent No. 6,469,336

62. Nintendo incorporates by reference and realleges its responses to each and every allegation set forth above, as though fully set forth herein.

63. Nintendo denies all allegations in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '336 patent. To the extent paragraph 64 of the Complaint contains allegations of third party conduct relating to, for example, manufacturing processes, Nintendo lacks sufficient information to form

a belief as to the truth or accuracy of the allegations and therefore denies them.  Nintendo denies all remaining allegations in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions that do not require a response from Nintendo.  On information and belief, Nintendo denies infringement of the '336 patent.  To the extent paragraph 65 of the Complaint contains allegations of third party conduct, Nintendo lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them.  Nintendo denies all remaining allegations in paragraph 65 of the Complaint.

66. Nintendo admits that Round Rock sent an email dated August 27, 2013 addressed to NOA.  On information and belief, Nintendo denies infringement of the '336 patent.  Nintendo denies all remaining allegations in paragraph 66 of the Complaint.

67. On information and belief, Nintendo denies all allegations in paragraph 67 of the Complaint.

68. Nintendo denies all allegations in paragraph 68 of the Complaint.

69. Nintendo denies all allegations in paragraph 69 of the Complaint.

70. Nintendo denies all allegations in paragraph 70 of the Complaint.

## COUNT VII

### Infringement of U.S. Patent No. 6,828,683

71. Nintendo incorporates by reference and realleges its responses to each and every allegation set forth above, as though fully set forth herein.

72. Nintendo denies all allegations in paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains legal conclusions that do not require a response from Nintendo.  On information and belief, Nintendo denies infringement of the '683

patent. To the extent paragraph 73 of the Complaint contains allegations of third party conduct relating to, for example, manufacturing processes, Nintendo lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains legal conclusions that do not require a response from Nintendo. On information and belief, Nintendo denies infringement of the '683 patent. To the extent paragraph 74 of the Complaint contains allegations of third party conduct, Nintendo lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Nintendo denies all remaining allegations in paragraph 74 of the Complaint.

75. Nintendo admits that Round Rock sent a letter dated December 11, 2014 addressed to NOA. On information and belief, Nintendo denies infringement of the '683 patent. Nintendo denies all remaining allegations in paragraph 75 of the Complaint.

76. On information and belief, Nintendo denies all allegations in paragraph 76 of the Complaint.

77. Nintendo denies all allegations in paragraph 77 of the Complaint.

78. Nintendo denies all allegations in paragraph 78 of the Complaint.

79. Nintendo denies all allegations in paragraph 79 of the Complaint.

**RESPONSE TO PLAINTIFF'S PRAYER**

80. Nintendo denies that Plaintiff is entitled to any requested relief against Nintendo.

**DEFENSES**

As further answer and as defenses, but without assuming any burden that it would not otherwise have, Nintendo alleges the following and reserves the right to amend its answer as additional information becomes available:

**FIRST DEFENSE: NON-INFRINGEMENT**

1. On information and belief, Nintendo does not infringe, has not infringed, directly, contributorily, or by inducement any claim of the '347, '405, '801, '594, '935, '336 or '683 patents, either literally or under the doctrine of equivalents.

**SECOND DEFENSE: INVALIDITY**

2. One or more of the asserted claims of the '347, '405, '801, '594, '935, '336 and '683 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 101, 102, 103, and/or 112.

**THIRD DEFENSE: EQUITABLE ESTOPPEL, LACHES AND WAIVER**

3. Round Rock's claims for infringement of the '347, '405, '801, '594, '935, '336 and '683 patents are barred by equitable estoppel, laches and/or waiver as a result of statements made by Round Rock prior to filing the lawsuit, delay in bringing one or more of the patents-in-suit to Nintendo's attention, and/or delay in bringing this suit.

**FOURTH DEFENSE: LIMITATION ON DAMAGES**

4. Round Rock's claims are barred or limited in recovery, in whole or in part, by 35 U.S.C. §§ 286, 287.

**FIFTH DEFENSE: NO INJUNCTIVE RELIEF**

5. Round Rock is not entitled to injunctive relief as a matter of law.

## SIXTH DEFENSE: LICENSE OR EXHAUSTION

6. Round Rock's claims are precluded, barred, or limited in whole or in part to the extent that any allegedly infringing products or services are supplied, directly or indirectly to Nintendo by an entity or entities having express or implied licenses to the '347, '405, '801, '594, '935, '336 and/or '683 patents, and/or under the doctrine of patent exhaustion.

## JURY DEMAND

1. Nintendo demands a trial by jury on all triable issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Nintendo respectfully requests the following relief:

1. That Plaintiff take nothing by way of its complaint;

2. That Nintendo be found to not infringe the claims of the '347, '405, '801, '594, '935, '336 or '683 patents directly, contributorily, or through inducement;

3. That the Court invalidate the claims of the '347, '405, '801, '594, '935, '336 and '683 patents pursuant to 35 U.S.C. §§ 101, 102, 103 & 112.

4. That the Court declare that Plaintiff is not entitled to any remedy or relief whatsoever against Nintendo.

5. For reasonable attorney's fees and costs incurred in this case, according to proof in accordance with 35 U.S.C. § 285;

6. For interest on the above amounts in the maximum amount allowed by law; and

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Matthew J. Brigham
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5000

Stephen R. Smith
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Tel: (202) 842-7800

Dated: March 20, 2015
1184546 / 42146

By: */s/ Bindu A. Palapura*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendants Nintendo Co., Ltd. and Nintendo of America Inc.*